COMPLAINT UNDER 42 USC §1983, CIVIL RIGHTS ACT-TDCJ-ID (Rev. 7/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE __SOUTHERN__ DISTRICT OF TEXAS
__BROWNSVILLE__ DIVISION

United States District Court
Southern District of Texas
FILED

JAN 14 2002

Michael N. Milby
Clerk of Court

__JOSE ALONZO CAVAZOS * 788607__
Plaintiff's name and ID Number

(ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

__FABIAN DOMINGUEZ STATE JAIL__
Place of Confinement

CASE NO. __B-02- 007__
(Clerk will assign the number)

v.

__CAMERON COUNTY COMMISSIONERS__
Defendant's name and address

__CLASS ACTION__

__STATE ACTION__

__CAMERON COUNTY SHERIFF'S DEPT.__
Defendant's name and address   __954 E. HARRISON, BROWNSVILLE, TX 78520__

__(SHERIFF) CONRADO CANTU__
Defendant's name and address   __954 E. HARRISON, BROWNSVILLE, TX 78520__
( DO NOT USE "ET AL.")
__CAMERON COUNTY__

__(ACTING)__
"UNDER COLOR OF STATE LAW AN OR INDIVIDUAL CAPACITY, OFFICIAL CAPACITY"

I.   PREVIOUS LAWSUITS:

   A. Have you filed *any* other lawsuits in state or federal court relating to your imprisonment?    ___YES  _X_NO

   B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

      1. Approximate date of filing lawsuit: __N/A__

      2. Parties to previous lawsuit:
         Plaintiff(s) __N/A__
         Defendant(s) _____

      3. Court (If federal, name the district; if state, name the county) __N/A__

      4. Docket Number: __N/A__

      5. Name of judge to whom case was assigned: __N/A__

      6. Disposition: (Was the case dismissed, appealed, still pending?)
         __N/A__

      7. Approximate date of disposition: __N/A__

ATC1983 (Rev.04/98)                         2

II. PLACE OF PRESENT CONFINEMENT: FABIAN DOMINGUEZ STATE JAIL
6535 CAGNON RD. SAN ANTONIO, TX. 78252

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted both steps of the grievance procedure in this institution? ___YES  X NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system
I FILED SEVERAL GRIEVANCES AT THE CAMERON COUNTY JAIL BUT
NEVER RECEIVED ANY KIND OF RESPONCE.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: JOSE ALONZO CAVAZOS
6535 CAGNON RD.
SAN ANTONIO, TX. 78252

B. Full name of each defendant, his official position, his place of employment, and his full mailing address

Defendant #1: CAMERON COUNTY

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
CAMERON COUNTY ITSELF FAILED TO PROVIDE ME AND OTHER INMATES WIT

Defendant #2 CAMERON COUNTY SHERIFF'S DEPT. 954 E. HARRISON BROWNSVILLE, TX. 78520

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
THE SHERIFF'S DEPT KNOWINGLY AND WILLINGLY DENIED ME AND —

Defendant #3: CAMERON COUNTY COMMISSIONERS

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
COMMISSIONERS FAILED TO ALOCATE THE SHERIFF'S DEPT. WITH SUFFIENT

Defendant #4: (SHERIFF) CONRADO CANTU 954 E HARRISON BROWNSVILLE, TX. 78520

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
AS DIRECT SUPERVISOR OF THE CAMERON COUNTY JAIL DIVISION

Defendant#5: _____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

ATTACHED

ATC1983 (Rev 04/98)                        3

_____
_____
_____ ATTACHED _____
_____
_____
_____
_____
_____
_____

VI. **RELIEF:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I WANT THE COURT TO ORDER THE CAMERON COUNTY SHERIFF'S DEPT. TO IMPOSE AN ADEQUATE ACCESS TO COURTS CONT.

VII. **BACKGROUND INFORMATION:**

A. State, in complete form, all names you have ever used or been known by including any and all aliases:
    JOSE ALONZO CAVAZOS

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if known to you.
    788607

VIII. **SANCTIONS:**

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?   ___YES  X NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that imposed sanctions (if federal, give the district and division): N/A
   2. Case Number: N/A
   3. Approximate date sanctions were imposed: N/A
   4. Have the sanctions been lifted or otherwise satisfied? ___YES ___NO  N/A

C. Has any court ever warned or notified you that sanctions could be imposed? ___YES  X NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer

ATC1092 (Rev. 04/08)                                4

the same questions.)

1. Court that imposed warning (if federal, give the district and division): __N/A__

2. Case Number: __N/A__

3. Approximate date warnings were imposed: __N/A__

Executed on: __1-08-02__
           (DATE)

__Jose Alonzo Cavazos #788607__
__JOSE ALONZO CAVAZOS__
(Signature of plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $150 filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from my inmate account by my custodian until the filing fee is paid.

Signed this __8th__ day of __JANUARY__, __2002__.
           (Day)              (month)         (year)

__Jose Alonzo Cavazos #788607__
__JOSE ALONZO CAVAZOS__
(Signature of plaintiff)

**WARNING:** The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limited to monetary sanctions and/or the dismissal of this action with prejudice.

ATC1983 (Rev.04/98)                               5

## IV. PARTIES TO THIS SUIT:

### B. DEFENDANT #1 CONT.

ADEQUATE MATERIALS AND OR LAW LIBRARY TO DEFEND OURSELVES AGAINST ANY AND ALL CHARGES BEING BROUGHT AGAINST US.

### DEFENDANT #2 CONT.

ALL OTHER PRISONERS AT THE JAIL OUR CONSTITUTIONAL RIGHT OF ACCESS TO COURTS

### DEFENDANT #3 CONT.

FUNDS TO KEEP AN ADEQUATE AND UPDATED LAW LIBRARY IN ORDER FOR PRISONERS TO FIGHT THEIR CASES.

### DEFENDANT #4 CONT.

SHERIFF CANTU'S FAILURE TO COMPLY WITH FEDERAL LAW AND FEDERAL RULES HAS ALLOWED THE CAMERON COUNTY JAIL TO DEPRIVE ME OF MY CONSTITUTIONAL RIGHT OF ACCESS TO COURTS.

## V. STATEMENT OF CLAIM:

I HAVE BEEN IN THE CUSTODY OF THE CAMERON COUNTY SHERIFF'S DEPT ON SEVERAL OCASSIONS THROUGHOUT MY ADULT LIFE. EVERYTIME, (1) I WAS DENIED MY CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS. (2) I WAS DENIED ADEQUATE ASSISTANCE FROM PEOPLE TRAINED IN THE LAW AND I WAS DENIED LEGAL DOCUMENTS ALL LAW LIBRARIES SHOULD CONTAIN. THE FOLLOWING ARE VOLUMES AND TITLES OF USCA WHICH COVERS THE UNITED STATES CONSTITUTION AND TITLES 5, 15, 18 WITH COMPLETE RULES OF VARIOUS COURTS 28 WITH COMPLETE RULES AND 42 WITH THE GENERAL INDEX. THE FEDERAL PRACTICE AN PROCEDURE BY WRIGHT AND MILLER AND BLACKS LAW DICTIONARY (LATEST EDITION) JAIL OFFICIALS DID NOT MAKE ACCESS AVAILABLE TO AN INMATE. THE CAMERON COUNTY JAIL USED THE RUNNER SYSTEM OR PAGING SYSTEM "ALL KNOWN AS THE EXACT CITE SYSTEM BECAUSE AN INMATE MUST REQUEST MATERIALS BY AN EXACT CITE HAS BEEN DEEMED AN INADEQUATE LEGAL ACCESS SYSTEM. FOR BOTH SEGREGATED AND NON SEGREGATED INMATES. A RUNNER SYSTEM ALONE . . . BRINGING BOOKS TO INMATES WHO DO NOT HAVE ACCESS TO A LIBRARY (LAW) IS CONSTITUTIONALLY INADEQUATE.

IT IS UNREALISTIC TO EXPECT A PRISONER TO KNOW IN ADVANCE EXACTLY WHAT MATERIALS HE NEEDS TO CONSULT LEGAL RESEARCH IT REQUIRES BROWSING THROUGH VARIOUS MATERIALS IN SEARCH OF INSPIRATION. JAILS MUST PROVIDE USABLE AND SUFFICIENT NUMBER OF TYPEWRITERS IN LEGAL ROOM. PRISONER WERE NOT ALLOWED ANY CARBON PAPER AND NONE WAS MADE AVAILABLE THROUGH THE COMMISSARY DEPT. ALSO, THE CAMERON COUNTY JAIL DOES NOT OFFER ANY KIND OF INDIGENCY

policy as far as legal material goes. This is very "unacceptable."

At any given time there are a number of individuals at the Cameron County Jail with charges of Capitol Murder and Murder. They can not do anything more than accept what is offered to them without no defense in their cases except what is advised to them by their court appointed lawyer. Also to add, there are a large number of Spanish-speaking inmates who cannot read or write English and are unable to present with reasonable adequacy or complaints to the courts without assistance. A book and a library are of no use to a prisoner who cannot read or write

If the state cannot provide physical access to an adequate law library the bottom line is that the jail has assisted in convicting inmates due to inadequate legal access to inmates. As a result of these infractions I have lost the opportunity to defend myself effectively at of any and all charges brought against me, thus resulting in illegal incarceration. It is obvious my First, Sixth, and Fourteenth Amendments have been violated. A prisoners rights to court access originate from a number of seperate rights including the 1st Amendment Freedom of Speech, the 6th Amendment Trial rights including the right to counsel and the 14th Amendment right to due process. The appointment of counsel alone does not constitute adequate access, especially in light of the number of inmates who choose to proceed Pro Se, I am claiming that damages have

occurred in my life as a result of being incarcerated in the Cameron County Jail under these circumstances that otherwise would have never resulted if there was adequate legal access and assistance. For the record let it reflect that I am filing suit against the Cameron County Sheriff Dept. and the defendants names I've presented in their "individual capacity" and "official capacity". The attached individuals I've named have acted "under control of state law". This means that the persons were and still are acting under the states authority, which includes authority over cities, counties and municipalities.

Respectfully,

_[signature]_
_[address line]_
_[address line]_ TX 78_
_[facility line]_

---

The states duty to provide adequate law library or adequate assistance from persons trained in the law

(1) The duty applies regardless of what kind of facility an inmate is in

(2) The states duty applies whether or not an inmate is considered indigent.

(3) The state may provide an inmate with an adequate law library, a combination of the two or something slightly different.

(9)

PREPARE PRO SE PLEADINGS, APPEALS, AND OTHER LEGAL DOCUMENTS.

\* *FOR EXAMPLE* (LINDQUIST VS. IDAHO STATE BOARD OF CORRECTIONS 776 F.2d 851, 856 (9th CIR 1985)) UNITED STATES REPORTS FROM 1962 TILL PRESENT FEDERAL REPORTER SECOND SERIES BEGINING WITH VOLUME 270, PORTIONS OF THE UNITED STATES CODES ANNOTATED INCLUDING FEDERAL RULES OF APPELATE PROCEDURE AND FEDERAL RULES OF EVIDENCE, APPELATE RULES

\* OF THE 9TH CIRCUIT COURT OF APPEALS LOCAL RULES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO VARIOUS NUTSHELLS ON PROCEDURE CIVIL RIGHTS, CRIMINAL LAW, CONSTITUTIONAL LAW AND LEGAL RESEARCH, WEST PACIFIC DIGEST SECOND SERIES VARIOUS VOLUMES OF FEDERAL PRACTICE AND PROCEDURE MANUAL FOR COMPLEX LITIGATION PAMPHLET SUBSCRIPTION; FEDERAL PRACTICE AND PROCEDURE CRIMINAL PAMPHLET WEST FEDERAL PRACTICE DIGEST 2d PACIFIC DIGEST SECOND SERIES FEDERAL SUPPLEMENT BEGINNING WITH VOLUME 482.

\* CAMERON COUNTY SHERIFFS DEPT DENIED LEGAL ACCESS TO ALL THE ABOVE STATES.

(3) CASEY V LEWIS 834 F SUPP 1553, 1560 (D ARIZ 1993) IF THE STATE DENIES PHYSICAL ACCESS TO THE LAW LIBRARY THE STATE MUST PROVIDE AN INMATE WITH LEGAL ASSISTANCE

(4) SEVERAL TIMES WHILE I WAS INCARCERATED AT THE CAMERON COUNTY JAIL THERE WAS INMATES WITH MURDER AND CAPITAL MURDER CHARGES THAT HAD NO ACCESS TO THE COURTS BY MEANS OF AN ADEQUATE LAW LIBRARY.

5. CANNELL VS. BRADSHAW 840 F SUPP 1382, 1389 (D OR 1993) PAGING SYSTEM ALONE DOES NOT PROVIDE ADEQUATE ACCESS TO THE COURTS.

(6) WALTERS VS EDGAR, 900 F SUPP 197 (N.D. ILL 1995) A RUNNER SYSTEM ALONE.... BRINGING BOOKS TO AN INMATE WHO DO NOT HAVE ACCESS TO A LIBRARY WAS CONSTITUTIONALLY INADEQUATE.

(4) The federal courts of appeals have held that the right of access to legal materials or legal assistance extends to inmates incarcerated in county jails as well.

(5) Similarly incarcerated juveniles, persons serving brief sentences in local jails, pre-trial detainees and mental patients under commitment also have a constitutional rights of access to the court.

(6) Finally the right of access to the courts applies to inmates regardless of their financial status. The states duty to provide inmates with access to the courts through either adequate law libraries, or adequate assistance from persons trained in law, or some other legal access programs extends to non indigent inmates. Even if a prisoner is not indigent and has the financial resources to hire an attorney, alternatives that were not recognized by the common source such, but that were available, an ......

(1) Access to libraries (or provision by librarians) are the training of well as paralegal assistants to work under lawyers supervision, the use of paraprofessionals and law students, the organization of volunteer attorneys through the bar association or other groups, the hiring of lawyers on a part time consultant basis, and the use of full-time staff attorneys, working either in legal services/assistance organizations or as part of public defender or legal services offices.

(2) The ninth circuit has held that the following list of books meet minimum constitutional standards and provides inmates with sufficient access to legal research materials to

6

(7) GRIFFIN V. COUGHLIN 743 F SUPP 1006 (N.D.N.Y.) THE POOR REQUEST SELF HELPERS PROGRAM WOULD INMATES OF MEAN INEQUAL ACCESS TO THE COURT

WILLIAMS V. LEEKE ___ F 2d 1366 1370 (4TH CIR 1978) IT IS UNREALISTIC TO EXPECT A PRISONER TO KNOW IN ADVANCE EXACTLY WHAT MATERIAL HE NEEDED TO CONSULT.

(9) LONG VS. BOYER 676 F SUPP 75 (D.N.S. 1988) COURT ORDERED JAIL AUTHORITIES TO PROVIDE LEGAL ACCESS TO INMATES IN CAPITAL CASES.

(K) ACEVEDO VS. FORCINITO 820 F SUPP 886, 893 (D.N.J. 1993) FOR PRISONERS WHO CANNOT READ OR UNDERSTAND ENGLISH THE CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS CANNOT BE DETERMINED SOLELY BY THE NUMBER OF VOLUMES IN OR SIZE OF LAW LIBRARY.

(L) CASE 40 F 3d AT 1167 65 (COURT HELD THAT PROVISION OF LAW LIBRARY ALONE DID NOT SATISFY CONSTITUTIONAL RIGHT OF ACCESS TO THE COURT FOR ILLITERATE OR NON ENGLISH SPEAKING INMATES AS THE DUTY OF THE STATES TO FURNISH LEGAL ASSISTANCE TO ILLITERATE INMATES AND NON ENGLISH SPEAKING INMATES IS IMPLICIT IN THE HOLDING OF BOUNDS.)

(M) KANE 656 F SUPP AT 1162 SPANISH SPEAKING INMATES WHO CANNOT READ OR WRITE ENGLISH ARE UNABLE TO PRESENT WITH REASONABLE ADEQUACY THEIR COMPLAINTS TO THE COURTS WITHOUT ASSISTANCE (AFF. 825 F 2d 385 (3rd CIR 1987) 485 US 752, 108 SCT 1371 ___ L Ed 2d ___ (1988))

(N) IN COUNTY INMATES ASSN V. ROWLAND (9 CIR 1993) THE COURT UPHELD THE DISTRICT COURT'S IMPOSITION OF A TRAINING PROGRAM FOR INMATE LEGAL ASSISTANTS THE COURT STATED THAT (BOUNDS) REQUIRES IN THE ABSENCE OF ADEQUATE LAW LIBRARIES

some degree of professional or quasi professional legal assistance to prisoners. Although legal training need not be extensive Bounds does require that inmates be provided the legal assistance of persons with at least some training in the law (citations omitted)

(14) Taylor vs. List 880 F2d 1040 1047 (9 Cir 1989) Affirming Self-Representation Inmates Right to Access Law Books, Witnesses and other tools to prepare a defense

(15) First, Sixth and Fourteenth Amendments: Access to Courts

(16) Prisoners Rights to Courts Access originate from a number of separate rights including the First Amendment Freedom of Speech the Sixth Amendment Trial Rights including the Right to Counsel and the Fourteenth Amendment Right to Due Process.

(17) Appointment of Counsel alone has been held not to constitute Adequate Access

(18) Williams vs. Smith 781 F 2d 319 (2d Cir 1986) Sample vs. Coughlin 728 F supp 2 ( ) A supervisor may be liable for his or her subordinates actions when for example the supervisor received a report of the actions but failed to take steps to provide a remedy, create a new policy or custom that allowed the actions to occur or acted with gross negligence in managing subordinates.

(19) Everything listed above pertains to the wrong doings of the Cameron Countys Sheriff Dept.

Respondeat Superior "Let the Master Answer"

(1) The idea that their Superiors should legally responsible for their subordinates actions comes from a doctrine known as Respondeat Superior which permits

supervisors to be held liable whether or not they had actual knowledge of the actions at the time. In this case the higher official Sheriff Conrado Cantu can be charged with knowledge of (and thus responsible for) lower officials actions. I am relying on the rule that if an official closely supervises the work of his or her subordinates it is both logical and proper for a court to infer that they know of their actions. This is especially true when the denial of rights is not one single isolated act which could escape the supervisor's attention but instead is part of an ongoing pattern of violations.

(2) For example supervisors are liable where they fail to act on prior complaints or where they fail to make policies or take other action to prevent foreseeable violations or where they fail to perform a statutory or regulatory duty.

(3) In conclusion As far I was incarcerated in the Cameron County Jail I experienced all that I have cited first hand. Cameron County has not had adequate law library since day one and* something must be done immediately. Everyday that passes another inmate falls victim to the Cameron County Courthouse and the Cameron County Jail/ Sheriffs Dept. because they are not able to defend them- selves. Most of the persons there are scared to challenge the Sheriffs Dept. because of the small town mentality most of the inmates have towards challenging or speaking up against the Sheriff and his Dept. in order to regain their constitutional rights and access to courts that have

BEEN DENIED FOR SO MANY YEARS NOW. THERE ARE A COUNTLESS NUMBER OF PERSONS THAT ARE IN THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE THIS VERY DAY THAT ARENT SUPPOSED TO BE HERE, BUT WERE UNABLE TO FILE THERE CASES BECAUSE OF NO ACCESS TO A LAW LIBRARY.

P.S. A PRIME EXAMPLE OF THE [illegible]

TDCJ 755660

[signature]
[illegible address lines]

ON SEVERAL OCCASIONS I SENT MR ALEX GARCIA WHO OVERSEES THE LEGAL ASSISTANCE PROGRAMS REQUESTS REQUESTING LEGAL HELP AND LEGAL BOOKS. ONLY ONCE WAS I ALLOWED A LEGAL BOOK FOR A LIMITED AMOUNT OF TIME. APPARENTLY THE JAIL ONLY HAD ONE BOOK FOR THE ENTIRE POPULATION.

(1) ALL INMATES WERE DENIED THE RIGHT TO RESEARCH WHICH IS A KEY STEP IN DEVELOPING AND PRESENTING A LEGAL ARGUMENT.

(2) INMATES WERE DENIED ACCESS TO ANALYZE THEIR LEGAL PROBLEMS WHERE THEY COULD SEPERATE THEIR CASES INTO SMALL DISCRETE ISSUES WHICH WILL HELP AN INMATE GET STARTED TO PROVIDE MANAGEABLE ISSUES TO RESEARCH.

(3) INMATES WERE DENIED ACCESS TO GET AN OVERVIEW OF THEIR CASES OR PARTICULAR SUBJECT (LEGAL LAW) AREAS WITH MEANS ACCESS TO LEGAL ENCYCLOPEDIAS TO OBTAIN AN INTRODUCTION TO THE DETAILS OF PARTICULAR AREAS OF LAW.

(4) INMATES WERE DENIED ACCESS TO RELATIVE LEGISLATION TO CONSULT THE ANNOTATED CODES TO FIND ALL AND ANY CONSTITUTIONAL PROVISIONS, FEDERAL STATUTES, STATE STATUTES AND LEGISLATIVE HISTORY.

(5) INMATES WERE DENIED ACCESS TO FIND RELATIVE CASES TO READ AND BROWSE ANNOTATED CODES SUCH AS USCA AND M'KINNEYS TO FIND ADDITIONAL CASES THROUGH DIGESTS, KEY NUMBERS, INDEXES, WORDS AND PHRASE TABLES AND ALSO SHEPARDS.

(6) INMATES WERE DENIED ACCESS TO CHECK OTHER SOURCES TO REVIEW TREATIES, LEGAL PERIODICALS, MANUALS, FORM BOOKS, TEXTS AND LEGAL DICTIONARIES FOR ADDITIONAL COMMENTARY ON THE LAW.

(7) INMATES WERE DENIED ACCESS TO UPDATE RESEARCH TO MAKE

CERTAIN THAT THEY RELY ON THE LATEST EDITIONS AND SUPPLEMENTS ALSO TO BE ABLE TO SHEPARDIZE THEIR CASE LAW AND LEGISLATION.

(8) INMATES WITHOUT SOME LEGAL ASSISTANCE OR TYPE OF INDEX WERE DENIED ACCESS TO PROPERLY CITE THE AUTHORITIES UPON WHICH THEY WOULD NEED TO RELY ON.

(9) INMATES HAVE THE RIGHT TO DO LEGAL RESEARCH AND THE RIGHT TO LEARN THE LAW. ALTHOUGH INCARCERATION LIMITS MANY RIGHTS OF INMATES, ONE RIGHT THAT THE COURTS HAVE PROTECTED IS THE CONSTITUTION RIGHT OF ACCESS TO THE COURT PROTECTS THE ABILITY OF INMATES TO PREPARE PETITIONS AND COMPLAINTS SUCH AS A FEDERAL HABEAS CORPU PETITIONS AND CIVIL RIGHTS ACTIONS. IN ORDER TO PROTECT YOUR ABILITY TO PREPARE PETITIONS AND COMPLAINTS THE SUPREME COURT HELD IN BOUNDS VS. SMITH THAT THE FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS TO COURTS. ALL OF THE ITEMS STATED ABOVE REFLECT THE CAMERON COUNTY SHERIFFS DEPARTMENT. NEGLIGANCE TO ACT UPON MATTERS REGARDING AN INMATES CONSTITUTIONAL RIGHTS

## VI. RELIEF

PROGRAM FOR ALL PRISONERS INCARCERATED WITHIN THE CAMERON COUNTY JAIL DIVISION, ENGLISH AND SPANISH SPEAKING PRISONERS ALIKE. ALSO, I WOULD LIKE FOR THE COURTS TO PROPERLY INVESTIGATE THE PUBLIC DEFENDERS BEING APPOINTED TO REPRESENT INDIGENT PRISONERS AND SEE TO IT THAT THE ATTORNEYS ARE FOLLOWING PROPER PROCEDURES AND DEFENDING THEIR CLIENTS WITH COMPLETE DILIGENCE. I WANT THE COURT TO AWARD ME MONETARY DAMAGES FOR THE MENTAL AND EMOTIONAL STRESS INCURRED THROUGHOUT MY UNCONSTITUTIONAL CONFINEMENT. THIS WOULD INCLUDE PUNITIVE COMPENSATORY AND PRESUMED DAMAGES. ABOVE ALL, I WOULD ASK THE COURT TO FIND THE DEFENDANTS GUILTY OF VIOLATING THE CONSTITUTIONAL RIGHTS OF ANY AND ALL INMATES THAT HAVE SUFFERED AND WILL CONTINUE TO SUFFER FROM THE INADEQUATE ACCESS TO THE COURTS THAT SHOULD HAVE BEEN PROVIDED BY THE DEFENDANT.