IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-



United States District Court
Southern District of Texas
ENTERED

JAN 2 5 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JOSE ALONZO CAVAZOS, § | |
| Plaintiff-Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-02-007 |
| § | |
| CAMERON COUNTY § | |
| COMMISSIONERS, CAMERON § | |
| COUNTY SHERIFF'S § | |
| DEPARTMENT, CAMERON § | |
| COUNTY, and SHERIFF § | |
| CONRADO CANTU, § | |
| INDIVIDUALLY AND IN HIS § | |
| OFFICIAL CAPACITY, § | |
| Defendants-Respondents. § | |

## ORDER

Jose Alonzo Cavazos has filed an Application to Proceed *In Forma Pauperis* (Docket No. 2) to pursue a civil rights action under 42 U.S.C. § 1983.

Cavazos may proceed with his civil action without prepayment of fees by submitting "an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

A prisoner bringing a civil action *in forma pauperis* must pay the entire statutory filing fee of $150. 28 U.S.C. § 1915(b)(1). While Cavazos may begin his lawsuit without prepayment of the entire filing fee, he is still obligated to pay the entire filing fee over time. The balance of the full filing fee will be automatically withdrawn, in increments or in full, under court order, from the plaintiff's trust fund account.

A prisoner seeking to proceed *in forma pauperis* must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so that the Court can determine how the $150 filing fee will be paid. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *See id.* The Court must then "assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the . . . notice of appeal." 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, the plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner [is required to] forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Cavazos may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). If the Court dismisses the case for any of these reasons, the prisoner will not get his filing fee back. The

determination whether an action is dismissible under these grounds may be made prior to service of process. Therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915(e). *See Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

The Court will give Cavazos twenty (20) days from the date of this order to decide whether he wants to proceed with this civil action. If by that time, plaintiff decides not to proceed with the case, he need not pay the $150 filing fee.

DONE at Brownsville, Texas, on this the 24rd of January, 2002.

                                                                                         John Wm. Black
United States Magistrate Judge