IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-



United States District Court
District of Texas
ENTERED
MAR 18 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE ALONZO CAVAZOS, | § | |
| Plaintiff-Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | |
| CAMERON COUNTY | § | CIVIL ACTION NO. B-02-007 |
| COMMISSIONERS, CAMERON | § | |
| COUNTY SHERIFF'S | § | |
| DEPARTMENT, CAMERON | § | |
| COUNTY, and SHERIFF | § | |
| CONRADO CANTU, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY, | § | |
| Defendants-Respondents. | § | |

## ORDER

Plaintiff-petitioner Jose Alonzo Cavazos ("Cavazos") filed a civil rights action under 28 U.S.C. § 1983. Pending before the Court is Cavazos's Application for Appointment of Counsel (Docket No. 3).

### DISCUSSION

Generally, a plaintiff does not have a right to appointed counsel in a section 1983 action. *See Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The existence of such circumstances will turn on the quality of two basic factors: (1) the type and complexity of the case, and (2) plaintiff's abilities. *See id.* In section 1983 actions, the Fifth Circuit has developed a four-part standard that the district court should consider in ruling on motions for appointment of counsel:

(1) Type and complexity of the case;

(2) Whether plaintiff is capable of adequately presenting his case;

(3) Whether plaintiff is in a position to investigate adequately the case; and

(4) Whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence in cross examination.

*See Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986) (quoting the factors enumerated in *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *See Ulmer*, 691 F.2d at 213. Based on the balancing of the above factors as applied to this case, the court will not appoint counsel for Cavazos. A review of his pleadings and motions to date demonstrate that Cavazos is capable of representing himself. The instant case is neither peculiar nor complex.

Accordingly, it is hereby **ORDERED** that Cavazos's Application for Appointment of Counsel (Docket No. 3) is **DENIED**.

DONE at Brownsville, Texas, on this the 15th day of March, 2002.

John Wm. Black
United States Magistrate Judge