IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
MAR 19 2002
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JOSE ALONZO CAVAZOS, <br> Plaintiff-Petitioner, | § § § | |
| VS. | § § | |
| CAMERON COUNTY COMMISSIONERS, CAMERON COUNTY SHERIFF'S DEPARTMENT, CAMERON COUNTY, and SHERIFF CONRADO CANTU, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, <br> Defendants-Respondents. | § § § § § § § § § § § | CIVIL ACTION NO. B-02-007 |

## FINAL ORDER

Plaintiff-petitioner Jose Alonzo Cavazos ("Cavazos") filed a civil rights complaint under 42 U.S.C. § 1983 (Docket No. 1). After careful review of Cavazos's complaint, this Court concludes that Cavazos's Application to Proceed *In Forma Pauperis* is **DENIED** and that this action is **DISMISSED** because Cavazos has failed to exhaust administrative remedies, and, alternatively, because the action is frivolous.

### DISMISSAL UNDER 28 U.S.C. § 1915

This Court may dismiss the case at any time if satisfied that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e) (West 2002). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993); *Pugh v. Parish of St. Tammany*,

1

875 F.2d 436, 438 (5th Cir. 1989). The term "frivolous" embraces not only inarguable legal conclusions, but also fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3) (West 2002).

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to invoke "such administrative remedies as are available" in the prison, without regard to whether the grievance procedure affords money damage relief, before contesting prison conditions in federal court. 42 U.S.C.A. § 1997e(a) (West 2002). It is apparent from Cavazos's complaint form that he did not exhaust all the available administrative remedies. The form inquired whether he exhausted both steps of the grievance procedure instituted by the Cameron County Jail. Cavazos answered "no" and wrote, "I filed several grievances at the Cameron County Jail but never received any kind of [response]." Furthermore, Cavazos did not attach a copy of the Step Two grievance with the response supplied, as required by the complaint form. The PLRA requires Cavazos to exhaust his available remedies. His failure to pursue the grievance procedures at the Cameron County Jail prevents him from pursuing his federal lawsuit at this time. Consequently, Cavazos should not be permitted to proceed *in forma pauperis* and his complaint should be dismissed.

### B. Frivolity of Cavazos's Action

This Court further concludes that Cavazos's complaint should be dismissed because it is frivolous. In the order dated January 24, 2002, (Docket No. 4), Magistrate Judge John Wm. Black gave Cavazos twenty days to decide whether he wanted to proceed with his lawsuit and ordered that he submit "an affidavit that includes a statement of all assets [he] possesses [and] that [he] is unable

to pay such fees or give security therefor [and further stating] the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1) (West 2002). Cavazos was also required to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint so that the Court could determine how the $150 filing fee will be paid. 28 U.S.C. § 1915(a)(2) (West 2002). Cavazos has neither submitted an affidavit that this Court deems statutorily sufficient nor submitted a certified copy of his inmate trust fund account statement in order to proceed with his appeal despite the twenty-day deadline he was permitted.

Moreover, Cavazos has failed to establish that he has suffered a constitutionally cognizable injury. Cavazos claims that he has been denied meaningful access to the courts because the Cameron County Jail has a law library with only a limited number of books accessible to inmates. He alleges that the law library at the Cameron County jail is inadequate because the library has only one copy of "the Texas Codes and Criminal Procedures." (Cavazos's section 1983 complaint, Docket No. 1). Cavazos claims that this book is "almost always unavailable due to being checked out," and that "all other books had to be [requested by completing a request form] in advance for consideration of use." (Docket No. 1).

A prisoner's constitutional right of access to the courts must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977). Prison authorities must "[provide] prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. In order to establish a violation of the right of access to the courts, a prisoner must demonstrate prejudice resulting from his denial of access. *See McDonald v. Steward*, 132 F.3d 225, 230-31 (5th Cir. 1998). "An inmate cannot establish relevant actual injury simply by establishing

3

that his prison's law library or legal assistance is subpar in some theoretical sense. [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "When any inmate . . . shows that an actionable claim [that] he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because [the] capability of filing suit has not been provided, he demonstrates that the State has failed to furnish *adequate* law libraries or *adequate* assistance from persons trained in the law." *Id.* at 356 (internal quotation marks omitted).

"While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)). Cavazos has not been prevented in any way from filing a lawsuit, and he has not demonstrated that the defendants have obstructed his "physical access to the courts." *Crowder v. Sinyard*, 884 F.2d 804, 811 (5th Cir. 1989) (holding that the right of access to the courts protects *physical* access to the courts). Cavazos's right of access to the courts has not been violated merely because the law library has only one copy of a particular book that may be checked-out to another inmate at the time that Cavazos desires to check-out the book. This is insufficient to establish prejudice; rather, to show prejudice Cavazos's assertions must indicate that "the alleged shortcomings [have] hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. Furthermore, Cavazos has not shown that he suffered any prejudice as a result of having to complete request forms in order to check-out legal materials from the library. Cavazos makes the conclusory allegation that he has suffered damages

as a result of the alleged denial of access to the courts; however, his complaint hardly demonstrates that he has been effectively denied either the meaningful opportunity to explore legal claims or remedies or the opportunity to challenge his sentence or conditions of confinement. Accordingly, Cavazos's contention that he has been denied his right of access to the courts has no realistic chance of ultimate success.

For the foregoing reasons, it is hereby **ORDERED** that Cavazos's Application to Proceed *In Forma Pauperis* (Docket No. 2) is **DENIED**. It is further **ORDERED** that this complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

I hereby certify that any appeal of this order would not be in good faith pursuant to 28 U.S.C. § 1915(a)(3).

DONE at Brownsville, Texas, on this the 18th day of March, 2002.

Filemon B. Vela
United States District Judge